JIAN QUAN ZHENG, Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, Respondent.

No. 03–4168–ag.

United States Court of Appeals,
Second Circuit.

Sept. 27, 2006.

Henry Zhang, New York, New York, for Petitioner.

Mary Beth Buchanan, United States Attorney, Marshall J. Piccinini, Assistant United States Attorney, Erie, Pennsylvania, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Jian Quan Zheng, a native and citizen of China, petitions for review of the BIA's order affirming Immigration Judge ("IJ") Victoria L. Ghartey's decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, we review the IJ's decision including those portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclu-

sive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, the BIA and IJ found Zheng's testimony incredible because, among other things, he was unable to adequately explain the following inconsistencies within his testimony, and between his testimony, his initial asylum application, and his amended statement: (1) in his amended statement and at the asylum hearing, Zheng claimed that his wife was forcibly sterilized, yet Zheng failed to mention his wife's sterilization in his initial asylum application; (2) Zheng was confused about the date of his wife's sterilization, and went back and forth between the dates February 18, 1987 and February 18, 1988 in his testimony and written statement; (3) Zheng initially testified that a friend of his obtained a sterilization certificate for him while he was in the United States, yet later in the hearing, Zheng testified that his friend obtained the sterilization certificate three or four days after the sterilization procedure, before Zheng arrived in the United States; and (4) in his amended statement, Zheng stated that he and his wife were forced to flee after the birth of their second child because they were threatened with sterilization, yet at the hearing, Zheng testified that they fled their home before the birth of their second child and were threatened with sterilization after the birth of their third child. These are "specific, cogent reasons" that "bear a legitimate nexus" to the IJ's adverse credibility finding. *Zhou Yun Zhang,* 386 F.3d at 74.

Zheng has not meaningfully challenged the IJ's denial of his withholding of removal and CAT claims in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).